

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-24-2008

# Kawas v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2245

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Kawas v. Atty Gen USA" (2008). *2008 Decisions.* Paper 42.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/42

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2245
_____

ABDEL KAREEM ADNAN KAWAS,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A79-130-693)
Immigration Judge:  Honorable  Alan Vomacka

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 17, 2008

RENDELL, FUENTES and NYGAARD, Circuit Judges

(Filed: December 24, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

Abdel Kareem Adnan Kawas petitions for review of a final order of removal

issued by the Board of Immigration Appeals ("BIA").  For the reasons that follow, we

will deny the petition for review.

I.

Kawas, a native and citizen of Jordan, entered the United States in 1989 as a non-immigrant visitor. In April 2003, he was served with a notice to appear charging him as removable pursuant to INA § 237(a)(1)(B). In response, Kawas sought cancellation of removal under INA § 240A(b) and a waiver of inadmissibility under § 212(h).

A removal hearing was scheduled to take place on March 3, 2004 before Immigration Judge ("IJ") Alan Vomacka in Newark. Kawas, however, failed to appear. As a result, IJ Vomacka issued an order in absentia removing him to Jordan. The United States District Court for the Southern District of New York subsequently vacated the IJ's order, and the matter was remanded. Upon remand, the IJ found that Kawas was not eligible for relief under either § 240A(b) or § 212(h).

Kawas then submitted a motion to reopen arguing that he was eligible to adjust his status to that of a lawful permanent resident under INA § 245 on the ground that his wife was the beneficiary of an approved employment-based visa petition. By order entered November 22, 2005, the IJ denied the motion to reopen. Kawas appealed. Meanwhile, Kawas was taken into custody by the Department of Homeland Security.

Upon review of the IJ's order denying the motion to reopen, the BIA found that Kawas was entitled to a hearing on his claim for waiver of inadmissibility under § 212(h), and, by order entered March 3, 2006, remanded the matter back to the IJ. It appears that IJ Vomacka then conducted several evidentiary hearings to take testimony from Kawas's

family.[1]  At one such hearing on June 16, 2006, Kawas's wife apparently revealed that she had never actually worked for the establishment that had been the basis for her labor certification in the United States, which, as noted above, was the basis for Kawas's application for adjustment of status.  At that time, the IJ adjourned the hearing so that Kawas's attorney could provide proof of income for the family as well as several other supporting documents.  When the subsequent hearing took place, Kawas was not present because the state of New Jersey had taken him into custody on criminal charges.  As a result, on August 4, 2006, the IJ "administratively closed" the removal case until Kawas could appear.[2]

Four months later, on December 4, 2006, Kawas's attorney contacted the immigration court in Manhattan and requested that the case be reopened.  Kawas's attorney reported to the court that Kawas had been convicted on the New Jersey criminal charges and was willing to accept removal at that time.  An IJ in Manhattan attempted to conclude the matter, but Kawas then repudiated his willingness to be removed.  As a result, the matter was transferred back to IJ Vomacka to be fully resolved on the merits.

On October 12, 2007, IJ Vomacka denied Kawas's applications for cancellation of

---

[1]Although the BIA's March 3, 2006 remand order directed the IJ to hold a hearing on Kawas's application for a waiver under § 212(h) only, it appears that the IJ reconsidered all three of Kawas's applications.

[2]At this hearing, Kawas's attorney informed IJ Vomacka that Kawas's wife would not be providing any additional testimony because she was uncomfortable with the IJ's "tone" at the prior hearing.

removal under § 240A(b), adjustment of status under § 245, and waiver of inadmissibility under § 212(h). The IJ also reviewed Kawas's complaints about various other aspects of the removal proceedings, and found them to be without merit. By order entered February 20, 2008, the BIA dismissed Kawas's appeal from the IJ's decision.

On March 20, 2008, Kawas filed in the United States District Court for the District of New Jersey a document entitled "Motion for Notice of Entry of Equitable Estoppels/and or Constitutional Estoppels Claim." (Civ. No. 08-1458.) Because this motion challenged the BIA's February 20, 2008 order of removal, the District Court transferred the matter to this Court.[3] See 8 U.S.C. § 1252(a)(5). We will construe Kawas's motion as a petition for review.

## II.

Kawas's primary argument on appeal is that he was denied due process because he and his family were not given an opportunity to testify to the hardship they would face should he be removed to Jordan. Although it appears that Kawas was able to present testimony and witnesses during at least one hearing in June 2006, he now argues that his family was denied an opportunity to testify in support of his application for a waiver of inadmissibility under § 212(h). See 8 U.S.C. § 1182(h) (providing that the Attorney General may, in his discretion, waive inadmissibility under section 212(a)(2)(A)(i)(I) if

---

[3]The District Court properly retained jurisdiction over claims raised in the petition that pertained to Kawas's detention.

the alien's departure would cause "extreme hardship" to a United States citizen that is his spouse, parent or child).

This Court has jurisdiction over Kawas's due process claim under 8 U.S.C. § 1252(a)(2)(D). See Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006) (holding that constitutional claims raised in a petition for review elude the jurisdiction-stripping provisions of the INA). Due process in this context requires that an alien be provided with a full and fair hearing and a reasonable opportunity to present evidence. Romanishyn v. Attorney General, 455 F.3d 175, 185 (3d Cir. 2006). To prevail on a procedural due process challenge to a decision by the BIA, an alien must make an initial showing of substantial prejudice. See Bonhometre v. Gonzales, 414 F.3d 442, 448 (3d Cir. 2005). Thus, in order for Kawas to prevail here, he must make a strong showing that, if IJ Vomacka had taken additional testimony from Kawas's wife and children, he likely would have found "extreme hardship" and granted Kawas's application for a waiver of inadmissibility under § 212(h).

Kawas does not, however, indicate how his wife's or children's testimony would have demonstrated such hardship. Indeed, Kawas does not give any indication whatsoever of the subject of the hypothetical testimony. Therefore, even assuming that the IJ erred in ruling on the application without taking additional testimony, Kawas has failed to show that he was prejudiced by that decision. For this reason, Kawas is not

5

entitled to relief on his due process claim.[4]

Next, Kawas argues that IJ Vomacka violated his Sixth Amendment right to counsel by allowing one of his attorneys to withdraw representation in March 2007. As the BIA explained, however, the Sixth Amendment right to counsel does not attach in immigration proceedings. Xu Yong Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001) (citing INS v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984)). Therefore, Kawas's constitutional rights were not implicated by the IJ's decision allowing counsel to withdraw.

Kawas also complains of several other aspects of the underlying proceedings. Although his arguments are rather difficult to follow, Kawas appears to claim that: (1) he was improperly removed on the basis of his criminal convictions rather than on the overstay charge alleged in the Notice to Appear; (2) the Immigration Court in Newark has ignored his three recent requests for a "Joseph hearing"; and (3) the BIA improperly refused to consider the new evidence that he submitted in support of his administrative appeal. First, with respect to Kawas's argument about the basis of his removal, we note that, contrary to Kawas's contention, the IJ based the removal order on the overstay

_____

[4]To the extent that Kawas argues that he himself was denied an opportunity to testify, here too he fails to identify any resulting prejudice. In addition, to the extent that Kawas's due process claim includes an allegation that IJ Vomacka was biased and unfair during the proceedings, we agree with the BIA that the record does not reveal any misconduct. See Wang v. Attorney General, 423 F.3d 260, 268-69 (3d Cir. 2005); Abdulrahman v. Ashcroft, 330 F.3d 587, 596 (3d Cir. 2003).

charge stated in the Notice to Appear. As for Kawas's complaint that the Immigration Court has failed to respond to certain letters that he submitted after the docketing of this appeal, those letters are not properly before this Court. Finally, the BIA's refusal to review new evidence submitted in support of the administrative appeal was proper. See 8 C.F.R. § 1003.1(d)(3)(IV) ("Except for taking administrative notice of commonly known facts such as current events or the contents of official documents, the Board will not engage in factfinding in the course of deciding appeals.")

Kawas's remaining arguments challenge the length of his detention. This Court does not, however, have jurisdiction to review these claims, as they are part of the habeas petition that was filed in the District of New Jersey.[5] See Zadvydas v. Davis, 533 U.S. 678, 688 (2001) (holding that habeas proceedings are the forum for statutory and constitutional challenges to post-removal-period detention).

III.

For the reasons set forth above, we will deny the petition for review.

---

[5]Among Kawas's other complaints about his detention, he repeatedly claims that his detention is illegal because he had been released on bail in May 2003. Kawas's argument appears to be that, because he was released at that time, it was illegal for him to have been later re-detained on the ground that he had been convicted of two crimes involving moral turpitude. See INA § 236(c)(1)(B), 8 U.S.C. § 1226(c)(1)(B). To the extent that Kawas is arguing that the IJ's 2003 bond order should have some sort of preclusive effect on a subsequent custody order, this argument is clearly without merit. To the extent that Kawas means to challenge his detention under § 236(c), we find that this argument is moot given that he is currently being detained pursuant to a final order of removal.